UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DERRICK TAYLOR,

      Defendant.

Criminal No. 15-91 (JNE/LIB) (1)
Civil No. 16-2498 (JNE)
**ORDER**

Defendant Derrick Taylor filed a motion under 28 U.S.C. § 2255, seeking to vacate his current sentence on the basis that he does not have three prior violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). (*See* Dkt. Nos. 65, 76.) The Government opposed the motion. (*See* Dkt. No. 74.) Having reviewed Taylor's § 2255 motion, the relevant law, and the record, the Court denies the motion.

On September 4, 2015, Taylor pled guilty to the crime of Felon in Possession of a Firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(e)(1). (*See* Dkt. No. 43.) Taylor also agreed that he was subject to the ACCA's sentence enhancement provisions because he has three prior violent felony convictions. *See* § 924(e)(1). A violent felony is any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of other; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

§ 924(e)(2)(B). At sentencing, the Court determined that the advisory imprisonment range under the United States Sentencing Guidelines, in view of the offense and Taylor's criminal history, was 188-235 months. (*See* Dkt. No. 61.) The Court granted a downward variance and imposed

1

180 months' imprisonment—the mandatory minimum sentence under § 924(e)(1). (*See* Dkt. No. 60.)

Taylor timely filed his § 2255 motion in July 2016, less than one year after his conviction became final.[1] At sentencing, Taylor had five prior adult felony convictions. Four convictions for crimes the Court determined to be violent arose from three discrete incidents. (*See* Dkt. No. 50.) Taylor argues that none of these convictions is properly considered an ACCA predicate offense. (*See* Dkt. No. 65.) The offenses in question are: (1) a 2006 conviction for first-degree assault, Minn. Stat. § 609.221; (2) a 2006 conviction for simple robbery, Minn. Stat. § 609.24; and (3) two 2009 convictions for second-degree assault, Minn. Stat. § 609.222.[2] (*See* Dkt. No. 65.) Taylor points to the decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which held that the "residual clause" of the definition of violent felony is unconstitutionally vague. (*See* Dkt. No. 65.) Now that the residual clause is no more, he argues his prior crimes are not violent felonies, as currently defined. (*See id.*) Thus, he claims that his sentence must be vacated. (*Id.*)

The Government responds that despite the decision in *Johnson*, all of the above-listed prior convictions fall within violent felony's first sub-definition—the "elements" or "force" clause. (*See* Dkt. No. 74.) Taylor replies that at the very least, his simple robbery conviction does not fall within the force clause. (*See* Dkt. No. 76.)

## I. PHYSICAL FORCE

When determining whether a crime falls within the force clause, courts consider: (1) the language of the statute providing for the crime, and (2) the applicable binding court precedent

---

[1] Taylor's conviction became final fourteen days after the Court issued its sentencing judgment on January 14, 2016. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005) (stating that the defendant's conviction became final when the deadline to file a notice of appeal expired).
[2] The two second-degree assaults were committed on the same occasion and therefore do not count as separate violent felonies under the ACCA. *See* 18 U.S.C. § 924(e)(1).

interpreting the elements of the crime. *See United States v. Bell*, 840 F.3d 963, 965-66 (8th Cir. 2016). The force clause requires physical force, which is "force exerted by and through concrete bodies," not "intellectual force or emotional force." *Johnson v. United States* (*Curtis Johnson*), 559 U.S. 133, 138–39 (2010). The degree of force required is more than "the merest touching," and instead "force capable of causing physical pain or injury." *Id.* at 139-140. For example, "a slap in the face" is sufficient because it requires a degree of force capable of inflicting pain. *Id.* at 143. Other examples include hitting, slapping, shoving, grabbing, pinching, biting, and hair pulling; "[n]one of [these] actions bears any real resemblance to mere offensive touching, and all of them are capable of causing physical pain or injury." *United States v. Castleman*, 134 S. Ct. 1405, 1421 (2014) (Scalia, J., concurring in part and in the judgment); *see also United States v. Harris*, 844 F.3d 1260, 1264 (10th Cir. 2017) (recognizing Justice Scalia's interpretation as authoritative because he wrote the *Curtis Johnson* opinion); *United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016) (applying Justice Scalia's interpretation in the same context).

## II.  MINNESOTA FIRST- AND SECOND-DEGREE ASSAULT

The Eighth Circuit Court of Appeals has held that Minnesota second-degree assault, Minn. Stat. § 609.222 (2016),[3] falls within the force clause. *See United States v. Lindsey*, 827 F.3d 733, 740 (8th Cir. 2016). First-degree assault, Minn. Stat. § 609.221, subd. 1 (2016),[4] employs almost identical language to that of second-degree assault, but requires the infliction of "great bodily harm." Great bodily harm is "bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious

---

[3] The second-degree assault statute has not changed since 1992.
[4] The first-degree assault statute was last amended in 2014, but the amendment did not affect the subdivision of Taylor's conviction. (*See* Dkt. No. 50 at 12.)

bodily harm." Minn. Stat. § 609.02, subd. 8 (2016).[5] Both first- and second-degree assault plainly require as an element the use, attempted use, or threatened use of physical force capable of inflicting pain or injury. *See United States v. Salido-Rosas*, 662 F.3d 1254, 1256-57 (8th Cir. 2011) ("[C]ausing or attempting to cause bodily injury or making another person fear imminent bodily harm necessarily requires using, attempting to use, or threatening to use physical force."); *see also United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016) (holding that Minnesota felony domestic assault, which requires an act causing fear of immediate bodily harm or death, is a violent felony).

To the extent Taylor argues that the definition of "bodily harm" renders Minnesota assault crimes divisible, the Court determines that the definition Taylor refers to is inapplicable to Taylor's two assault convictions because those crimes require "great" or "substantial" bodily harm. *See* §§ 609.221, 609.222. Taylor's first- and second-degree assault convictions are violent felonies. *See* 18 U.S.C. § 924(e)(1).

### III. MINNESOTA SIMPLE ROBBERY

Taylor devotes most of his argument to the assertion that Minnesota simple robbery does not fall within the force clause. (*See* Dkt. No. 76.) The Eighth Circuit has determined that it does. *See United States v. Raymond*, 778 F.3d 716, 717 (8th Cir. 2015); *United States v. Johnson* (*Samuel Johnson*), 526 F. App'x 708, 711 (8th Cir. 2013) (unpublished); *see also United States v. Fogg*, 836 F.3d 951, 953, 956 (8th Cir. 2016) (affirming sentence enhancement when the district court determined that Minnesota simple robbery is a predicate offense, and the appeal did not dispute this determination); *United States v. Armstrong*, 554 F.3d 1159, 1164, 1166 (8th Cir. 2009) (same). Nevertheless, in support of his argument, Taylor cites three cases: *United States v.*

---

[5]   The definition of "great bodily harm" has not changed since Taylor's first-degree assault conviction.

*Pettis*, No. 15-CR-233 (PJS/FLN), 2016 WL 5107035, at *2-3 (D. Minn. Sept. 19, 2016), *United States v. Eason*, 829 F.3d 633, 641–42 (8th Cir. 2016), and *United States v. Bell*, 840 F.3d 963, 965–66 (8th Cir. 2016). Taylor argues that Minnesota simple robbery is similar to the robbery crimes in *Eason* (Arkansas) and *Bell* (Missouri). (*See* Dkt. No. 76.) Taylor asks this Court to apply *Pettis*'s reasoning and find—contrary to Eighth Circuit precedent—that Minnesota simple robbery is not a violent felony. For the reasons that follow, the Court is not persuaded.

### A. Eighth Circuit Precedent

In 2009, the Eighth Circuit in *United States v. Sawyer* held that Arkansas robbery is a "crime of violence" for the purposes of U.S.S.G. § 4B1.2(a)(1).[6] *See* 588 F.3d 548, 556 (8th Cir. 2009). The Eighth Circuit referred to that holding when, in 2013, it determined that Minnesota simple robbery is a violent felony. *See United States v. Johnson* (*Samuel Johnson*), 526 F. App'x 708, 711 (8th Cir. 2013) (unpublished), *rev'd and remanded on other grounds,* 135 S. Ct. 2551 (2015). In *Raymond*, the Eighth Circuit again held that Minnesota simple robbery is a violent felony, citing *Samuel Johnson*. *See* 778 F.3d at 717.

In 2010, the Supreme Court in *Johnson v. United States* (*Curtis Johnson*), 559 U.S. 133, 138–39 (2010) "elevated the necessary quantum of force" under the force clause from de minimis to violent. *Eason*, 829 F.3d at 633 (citation omitted). *Curtis Johnson* thereby necessitated reevaluating the reasoning of cases decided before it, such as *Sawyer*.

The Eighth Circuit undertook this task in *Eason*. It first observed that *Sawyer* "may still be correct if robbery under [Arkansas] law meets the [*Curtis Johnson*] standard." 829 F.3d at 641 (internal quotation marks omitted). The court turned its attention to whether robbery in Arkansas

---

6   Due to "their nearly identical definitions," the Eighth Circuit construes "violent felony" under the ACCA as synonymous with "crime of violence" under the Sentencing Guidelines. *United States v. Jordan*, 812 F.3d 1183, 1186 n.1 (8th Cir. 2016).

requires more than de minimis force. *See id.* Relevant to this analysis—but not to *Sawyer*'s pre-*Curtis Johnson* analysis—was a section of the Arkansas criminal code, Ark. Code Ann. § 5-12-101 (2016), that defines the "physical force" required by the robbery statute. *See Eason*, 829 F.3d at 641. That section defines physical force as including "any" bodily impact, restraint, or confinement. *See* § 5-12-101. The Arkansas Supreme Court, applying that definition, held that robbery could be committed even when there was "no threat of force and no actual injury befell the victim." *Eason*, 829 F.3d at 641 (citing *Fairchild v. State*, 600 S.W.2d 16, 17 (Ark. 1980)). Plainly, such a crime does not satisfy the force clause, so the Eighth Circuit ruled that Arkansas robbery is not a violent felony. The Eighth Circuit applied the same methodology in *Bell* to determine that Missouri second-degree robbery, as then codified,[7] did not categorically require a sufficient degree of physical force. *See* 840 F.3d at 965–67 (8th Cir. 2016).

Taylor's main argument is that because the Eighth Circuit opinion in *Samuel Johnson* relied on *Sawyer*, and *Eason* overruled *Sawyer*, *ipso facto* the Eighth Circuit in *Eason* impliedly also overruled *Samuel Johnson* and abrogated its repetition in *Raymond*. (*See* Dkt. No. 76 at 2-5.) If true, then Minnesota simple robbery is not a violent felony under Eighth Circuit law. But the issue is not so simple; *Eason* and *Bell* make clear that a crime's defining statute, and associated binding case law, must be individually examined to determine whether the crime requires more than de minimis force. A post-*Curtis Johnson* analysis of Minnesota simple robbery reveals that the crime requires more than just "any" (*Eason*-style) bodily impact.

### B. The Language of the Minnesota Simple Robbery Statute

First, the plain language of the Minnesota simple robbery statute indicates that more than de minimis force is required. Minnesota categorizes robbery as either simple or aggravated.

---

[7] Missouri has since amended its robbery statute. *See, e.g.*, Mo. Rev. Stat. § 570.025 (2017).

*Compare* Minn. Stat. § 609.24 (2016) (simple robbery), *with* Minn. Stat. § 609.245 (2016) (aggravated robbery). Simple robbery, which has lesser-included offenses of its own, is a lesser-included offense to aggravated robbery. Aggravated robbery requires the use of a dangerous weapon or the actual infliction of bodily harm. *See* § 609.245. To commit simple robbery, a perpetrator must "use[] or threaten[] the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property." § 609.24. This language requires more than de minimis force; such force (or its threat) must be great enough to satisfy the perpetrator's goal of using it to overcome the victim's resistance. The Arkansas statute in *Eason*, by contrast, incorporates a statutory definition that includes "any" bodily impact.[8] The text of the Minnesota statute is not so universally inclusive; it requires the use, or threatened use, of force capable of defeating a victim's resistance.[9]

---

[8] Although *Samuel Johnson* held that the Minnesota and Arkansas statutes are quite similar, the opinion did not consider the totality of either statute's terms. *See* 526 F. App'x 708, 711 (8th Cir. 2013) (unpublished). For example, the opinion did not consider the different language in the Minnesota statute, which modifies force as "against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in." Minn. Stat. § 609.24 (2016).

[9] In addition to the language of the statute, the history of the statute (along with precedent interpreting it), shows that Minnesota sought to codify in its current statute an assaultive common law concept of robbery. *See* Minn. Stat. Ann. § 609.24 advisory committee's comment to 1963 enactment (2016); *see also State v. Nash*, 339 N.W.2d 554, 555 (Minn. 1983) (citing the 1963 comments); *State v. Oksanen*, 249 N.W.2d 464, 466 (Minn. 1977) (same). Similar concepts have been held to require a sufficient degree force for the purposes of the ACCA. *See, e.g.*, *United States v. Lamb*, 638 F. App'x 575, 576-77 (8th Cir. 2016) (unpublished) (Michigan unarmed robbery); *United States v. Doctor*, 842 F.3d 306, 312-13 (4th Cir. 2016) (South Carolina common law robbery); *see also United States v. Harris*, 844 F.3d 1260, 1266-68 (10th Cir. 2017) (interpreting Colo. Rev. Stat. § 18-4-301(1) (2016)); *United States v. Forrest*, 611 F.3d 908, 911 (8th Cir. 2010) (holding that Colo. Rev. Stat. § 18-4-301(1) is a violent felony, in line with Tenth Circuit precedent).

### C. Applicable Minnesota Precedent

Taylor argues that Minnesota courts interpreting the simple robbery statute have required only a "trivial" degree of force, citing *State v. Nelson*, 297 N.W.2d 285, 286 (Minn. 1980) and *Duluth St. Ry. Co. v. Fidelity & Deposit Co. of Md.*, 161 N.W. 595, 595–96 (Minn. 1917). (*See* Dkt. No. 76 at 4.) He cites *Nelson* as requiring only "yanking on someone's coat" and *Duluth* as requiring only "'gently' crowding someone in an elevator." (*Id.*) But neither case, read in its entirety, shows that Minnesota requires only de minimis force under the current statute.

In *Nelson*, the only case of the two to post-date Minnesota's modern codification of robbery, the Minnesota Supreme Court considered whether a trial judge erred in refusing to submit to the jury the lesser-included offense of theft in a trial for simple robbery. *See* 297 N.W.2d at 286. The defendant argued that the crime of theft should have been submitted because the jury might rationally have concluded that the "defendant's minimal use of force did not cause the victim to acquiesce in the taking of the property." *Id.*; *see also* Minn. Stat. § 609.52 (2016) (defining theft under Minnesota law). The facts showed that the defendant and an accomplice, both adults, identified their victim in a 13-year-old boy and decided to "get him." *Nelson*, 297 N.W.2d at 286. They followed, "jostled," and "*grabbed* [him] after he got off a bus." *Id.* (emphasis added). "While defendant forcefully pulled on the boy's coat, the boy . . . slipp[ed] out of the jacket" and ran for help to his parents' nearby restaurant. *Id.* The defendant had not set out to take the jacket; rather, he was left with it when the boy slipped away. *See id.* The court, observing that the adults grabbed and jostled the boy, instilling enough fear in him that he escaped by slipping out of his jacket and running for help, found that there was no rational basis to conclude that the defendant's use of force did not cause the boy to acquiesce in the taking of property. *See id.* The force in *Nelson* was more than de minimis; two adults pursuing a 13-year-

old with the intention of "getting him," following and grabbing him, constitutes force—and surely the threat of force—capable of causing physical pain, if not also injury.

*Duluth* is a civil case involving the interpretation of an insurance policy covering risk of robbery, which the policy left undefined. *See* 161 N.W. at 595. It was decided in 1917, 46 years before the current Minnesota simple robbery statute was enacted. Applying a version of common law robbery, the Minnesota Supreme Court held that when thieves crowded the insured in an elevator in order to pick his inside-coat pocket, such conduct was robbery "[f]or the purposes of this case" and "within the meaning of the policy." *Id.* The court explicitly noted that it was strictly construing the policy against the policy's drafter. *See id.* The case is not instructive as to the Minnesota simple robbery statute; not only did the case not involve straight criminal law principles, it also applied a definition of robbery that no longer exists in Minnesota law.[10] *See, e.g.*, *United States v. Ossana*, 638 F.3d 895, 900 (8th Cir. 2011) ("[W]e examine the elements of the *underlying state offense* . . . ." (emphasis added)).

In line with *Nelson*'s holding, Minnesota courts have consistently required force capable of causing physical pain or injury in order to commit simple robbery. Cases finding that the use or threatened use of force was insufficient illuminate the lower boundary of force required. The Minnesota Supreme Court has held the following conduct insufficient: mere purse snatching, unaccompanied by pushing or shoving; closing in on a woman waiting at a bus stop and reaching into her purse to grab money; and making vague threats in the context of a drug transaction. *See State v. Slaughter*, 691 N.W.2d 70, 76 (Minn. 2005); *State v. Nash*, 339 N.W.2d 554, 555 (Minn. 1983); *State v. Moore*, 295 N.W.2d 101, 102 (Minn. 1980). This conduct is comparable to the

---

[10]   *Duluth*'s non-assaultive common law concept of robbery, under which the "degree of force used is immaterial," 161 N.W. at 596, was effectively displaced by the enactment of Minn. Stat. § 609.24—the statute under which Taylor was convicted. *See supra* note 9.

conduct held insufficient to satisfy the force clause in *Eason* (e.g., cornering a victim or grabbing a dress lightly) and *Bell* (e.g., yanking property away, without the use of any force).

Minnesota has upheld simple robbery convictions where more than minimal force was threatened or employed: ripping a necklace off a victim's neck, causing scratches that felt "like skin burn";[11] following a victim in a car to an alley, running up to the victim's car, and yelling and pounding on the car window while accompanied by an accomplice; grabbing and pushing a victim, causing him to fall; biting a victim's hand; and entering a convenience store, placing one hand under a shirt (as if holding a weapon), and telling occupants of the store to get down on the floor. *See State v. Slaughter*, 691 N.W.2d 70, 72, 76 (Minn. 2005); *State v. Kvale*, 302 N.W.2d 650, 651-53 (Minn. 1981); *State v. Oksanen*, 249 N.W.2d 464, 466 (Minn. 1977); *State v. Burrell*, 506 N.W.2d 34, 35, 37 (Minn. Ct. App. 1993); *State v. Taylor*, 427 N.W.2d 1, 2, 4 (Minn. Ct. App. 1988). The use or threatened use of force in these examples is greater than that required by the state statutes in *Eason* and *Bell* and is capable of causing physical pain or injury. No Minnesota court has held that merely bumping, nudging, or "impacting," someone (or threatening to do so) is sufficient to overcome that person's resistance. Minnesota simple robbery requires that the perpetrator *intend* his force to not only overcome resistance, but also have that *effect*.

### D. Lesser-included Offenses

In analyzing whether a crime requires sufficient force, it is helpful to look to the crime's lesser-included offenses (if any) to determine if those offenses require sufficient force. A lesser-included offense is an offense that is necessarily committed in order to commit the greater

---

[11] As Justice Scalia recognized, "it is impossible to cause bodily injury without using force 'capable of' producing that result." *United States v. Castleman*, 134 S.Ct. 1405, 1416-17 (2014) (Scalia, J., concurring in part and in the judgment); *United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016) (applying such an understanding).

offense. *State v. Kinsky*, 348 N.W.2d 319, 325–26 (Minn. 1984). Therefore, if a lesser-included offense requires sufficient force, then the greater offense necessarily does as well.

Fifth-degree assault is a lesser-included offense to Minnesota simple robbery; to commit simple robbery, one must also commit at least fifth-degree assault. *See State v. McClenton*, 781 N.W.2d 181, 188 (Minn. Ct. App. 2010) ("Simple robbery is basically a theft accomplished by means of an assaultive act." (quoting *State v. Stanifer*, 382 N.W.2d 213, 220 (Minn. Ct. App. 1986))).[12] Fifth-degree assault is committed by either (1) causing another to fear immediate bodily harm or death or (2) inflicting or attempting to inflict bodily harm. Minn. Stat. § 609.224, subd. 1 (2016). Bodily harm is defined as "physical pain or injury, illness, or any impairment of physical condition." Minn. Stat. § 609.02, subd. 7 (2016).

Minnesota courts have interpreted the definition of bodily harm to require harm that causes pain or an "injury that weakens or damages an individual's physical condition." *State v. Jarvis*, 665 N.W.2d 518, 522 (Minn. 2003) (collecting cases and holding that the resulting immobilizing effects from involuntary ingestion of drugs[13] constitutes bodily harm); *State v. Johnson*, 152 N.W.2d 768, 773 (Minn. 1967). Given this, the degree of force required to commit fifth-degree assault is at least *capable of* causing physical pain or injury. *See United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016) (holding that Minnesota felony domestic assault, which requires the same force as fifth-degree assault, is a violent felony); *United States v.*

---

[12] The *Stanifer* court explicitly reversed the trial court's reasoning that "a robbery [can] be effectuated without either inflicting or attempting to inflict bodily harm, and without intending to cause fear in another of bodily harm." 382 N.W.2d at 216, 219-20.

[13] "[E]ven though the act of poisoning a drink does not involve physical force, 'the act of employing poison knowingly as a device to cause physical harm does.'" *United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016) (quoting *United States v. Castleman,* 134 S. Ct. 1405, 1415 (2014)). The Eighth Circuit in *United States v. Schaffer* relied in part on this language to hold that Minnesota felony domestic assault, Minn. Stat. § 609.2242, subd. 1(1), is a violent felony. 818 F.3d 796, 798 (8th Cir. 2016).

11

*Salean*, 583 F.3d 1059, 1060-61 (8th Cir. 2009) (same, but as to Minnesota fourth-degree assault). Therefore, simple robbery necessarily requires enough force to satisfy the force clause because in order to commit simple robbery, one must commit at least fifth-degree assault.[14] The Seventh Circuit Court of Appeals came to the same conclusion in *United States v. Maxwell*, 823 F.3d 1057, 1061 (7th Cir. 2016), *reh'g denied* (June 17, 2016), *cert. denied,* 137 S. Ct. 401 (2016) (finding that Minnesota simple robbery is a crime of violence).

For all the foregoing reasons, the Court concludes that Minnesota simple robbery is a violent felony for the purposes of the ACCA because it has as an element the use, attempted use, or threatened use of force capable of causing physical pain or injury.

## IV. EVIDENTIARY HEARING & COUNSEL

The Government argues that an evidentiary hearing is unnecessary because the record shows that Taylor is not entitled to relief. (*See* Dkt. No. 74.) A petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly, an evidentiary hearing is not required if the dispute can be resolved on the basis of the record. *See Wallace v. Lockhart*, 701 F.2d 719, 730 (8th Cir. 1983). Here, Taylor's motion can be resolved on the basis of the record, and there are no facts in dispute—only legal issues. Having resolved the legal issues, the Court finds that Taylor is not entitled to relief. Therefore, no evidentiary hearing is required. The Court

---

[14] It is also telling that the jury instruction guide for Minnesota simple robbery comments, "It is probably unnecessary to define 'force,' but a definition, if desired, is found in CRIMJIG 12.01." 10 Minn. Prac., Jury Instr. Guides—Criminal, CRIMJIG 14.02 cmt. (6th ed. 2016). CRIMJIG 12.01 defines force as "the infliction, attempted infliction, or threatened infliction by the actor of bodily harm or commission or threat of any other crime by the actor against the victim (or another) which (a) causes the complainant to reasonably believe that the actor has the present ability to execute the threat and (b) if the actor does not have a significant relationship to the complainant, also causes the victim to submit." This definition is similar to the force element required for fifth-degree assault.

has also fully examined Taylor's arguments and declines to appoint him counsel. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) ("The appointment of counsel is discretionary when no evidentiary hearing is necessary. . . . Where the issues involved can be properly resolved on the basis of the . . . record, a district court does not abuse its discretion in denying a request for court-appointed counsel.").

## V. CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court declines to say that Taylor's claim is not debatable. A certificate of appealability will issue.

Therefore, IT IS ORDERED THAT:

1. Defendant Derrick Taylor's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Dkt. No. 65] is DENIED.

2. Defendant Derrick Taylor's request for the appointment of counsel [Dkt. No. 66] is DENIED.

3. A certificate of appealability is ISSUED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 7, 2017.
s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge